A. J. SNEED, JR., *v.* BRITISH-AMERICA ASSURANCE CO.

1. FIRE INSURANCE. *Iron safe clause. Destruction of safe by fire.*

Where, in an action upon a fire insurance policy covering the small stock of goods of a country merchant, the defendant insurance company pleads that the insured failed to comply with the condition of the policy requiring him to keep his books and inventories, at night, in a fireproof safe, and, in the event of the loss of the insured property by fire, to produce them for its inspection, the replication of the insured that he did keep them in a fireproof safe, according to his contract, but that, without fault on his part, the safe and its contents, including such books and inventories were consumed in the same fire that destroyed the property insured, is sufficient in law, when fairly construed, and should not be stricken out on motion of the defendant.

2. SAME. *Fireproof safe. Meaning of term as used.*

Where a policy containing the above condition is upon the small stock of goods of a country merchant, the term "fireproof safe," as used in such condition, does not mean a safe absolutely proof against fire, but one of the kind in general use throughout the country as fireproof, the materials of which are classed as incombustible.

3. SAME. *Books and inventories. Failure to produce same. Construction of condition.*

The condition requiring the insured to produce his books and inventories for inspection in the event of loss, in addition to keeping them in a fireproof safe, is not an absolute one that no casualty will excuse the performance of; and their destruction, while contained in such safe, by the same fire that destroyed the insured property, affords a sufficient reason for noncompliance with the condition.

FROM the circuit court of Madison county.

HON. J. B. CHRISMAN, Judge.

The opinion states the case.

*F. B. Pratt*, for the appellant.

1. The term "fireproof safe," as used in the condition of
the policy set up in the defendant's plea, does not mean an in-
destructible safe.    A thing may be in its nature incombustible,
and at the same time susceptible of being destroyed in a fire.
The term, according to authority, implies that the thing in
question is of a nature to resist fire, composed of some sub-
stance fitted to protect against fire.    Standard Dict., p. 164;
Black's Law Dict., p. 496;  7 Am. & Eng. Enc. L., p. 1056.
It would be absurd to hold that the term, as employed by the
parties to the insurance contract, meant anything more than a
safe built of incombustible materials, and intended for, and
supposed to be capable of, protecting the contents from fire in
case the building in which it was located should be destroyed
by fire.

2. There is nothing to support the contention of the defend-
ant that the covenant to produce the books and inventories is a
condition precedent to recovery, and that no excuse will exon-
erate the insured from its performance.    A party to a contract
is never held to the performance of the impossible, nor will he
be understood as contracting to perform it against the obvious
sense of the words used in the contract.    *Hoffman* v. *Ætna
Insurance Co.*, 32 N. Y. Ct. App., 412, in holding that, where
no excuse for the nonproduction of the books and invoices is
given, the insured cannot recover, impliedly holds that a differ-
ent result must follow where a good excuse is given.    *Jube* v.
*Brooklyn Insurance Co.*, 28 Barb. (N. Y.), 412.    There can
be no doubt, upon authority, that the insured was not, under
the circumstances of this case, precluded from recovering by his
failure to produce books, etc., that had been destroyed along
with the safe containing them.    *Bumstead* v. *Dividend Insur-
ance Co.*, 2 Kernan (12 N. Y. Ct. App.), 81;  *Aurora Insurance
Co.* v. *Johnson*, 46 Ind., 315;  *Jones* v. *Mechanics' etc., Insur-
ance Co.*, 7 Vroom (N. J.), 29;  *East Texas Fire Insurance Co.*
v. *Harris*, 25 S. W. Rep., 720.

*W. H. Powell*, for the appellee.

It is no defense to say that the books and inventories could not be produced because they were in the iron fireproof safe in the building.   The safe was not fireproof, and there was a breach of the condition of the policy set up in defendant's plea. *Home Insurance Co.* v. *Bank*, 71 Miss., 608; *Insurance Co.* v. *Sheffy, Ib.*, 919.   The warranties made by plaintiff in obtaining the policy of insurance must all be true.   11 Am. & Eng. Enc. L., p. 291; 1 Wood on Fire Ins., pp. 414, 465, 466; 2 *Ib.*, 927.   The books, inventories, invoices, etc., must be produced, if the policy demands them.   *Ib.*, 989.

Argued orally by *F. B. Pratt*, for the appellant, and *W. H. Powell*, for the appellee.

WOODS, J., delivered the opinion of the court.

The second plea filed by the appellee denies liability on its policy of insurance sued on, because, by the terms thereof, the insured covenanted that he would keep his books and inventories in a fireproof safe, and would, in the event of the loss of the property insured, by fire, produce the books and inventories for the inspection of the insurer, and that the insured had failed to perform these conditions, and had failed to produce his books and inventories, whereby the policy became void.   To this the insured replied that he did keep his books and inventories in a fireproof safe, as agreed upon in the policy of insurance, but that, without fault on his part, the safe and its contents were destroyed by the fire which consumed the insured property, by reason whereof he was unable to produce the books and inventories.

On motion of the assurance company, this replication was stricken out, and, by leave of the court, an amended replication was filed (substantially setting up the reply contained in the replication).   This amended replication was also stricken out on motion, and final judgment entered against appellee, and from this judgment this appeal was taken.

The replications, fairly construed, must be held to mean that the insured did keep the books and inventories in a fireproof safe, and that he did not produce these books and inventories so kept, because, without fault on his part, they had been destroyed by the fire which consumed the insured property, while in the safe, and it had thereby become impossible to produce them for the inspection of the insurer.

The contention of counsel for the insurer is, that having covenanted to keep the books in a fireproof safe, and, in the event of the loss by fire of the property insured, thereafter, to produce them before the insurer, the insured was absolutely bound to produce the books, and that no casualty can excuse any failure to comply with this condition to produce the books. That this contention is unsound is readily demonstrable. If, in this very case, the insured's fireproof safe had been blown open by cracksmen, and its money contents stolen, and, to cover the crime, or by any agencies resorted to by the burglars, the insured property had been set on fire and consumed, whereby the safe and the books and inventories contained in it had been destroyed by the same fire, would any reasonable man hold that the insured would not be excused from producing the books? The true rule must be that ordinarily the books must be produced, for, ordinarily, that would be within the power of the person who had undertaken such production; but the complement of this rule must be true also, viz., that an extraordinary and unforeseen conjuncture of circumstances which puts the production of the books beyond the reach of the insured, without fault on his part, must relieve from the performance of an impossible act.

The definition of the fireproof safe clause in the policy, contended for by the assurance company, is too literal. For the purposes of every day life, these words can mean nothing more than a safe composed of materials incombustible, or materials which by their nature are fitted to resist the action of fire. To impart to the words "fireproof safe" such significa-

tion as would require a safe incapable of injury by fire, to itself or its contents, or one which by the action of any fires could not be rendered useless, as a safe, and whose contents, under any combination of circumstances, should and could never be destroyed by the intensity of heat to which the safe and its contents might be exposed, would be to require of the insured, in the vast majority of insurance cases, that which could not have been in the contemplation of the parties in entering into the contract of insurance. The words ''fireproof safe'' in this policy, in view of the situation of the small country merchant, and his needs for and employment of an iron safe, can only mean the usual fireproof safe used by the country generally—a safe composed of incombustible materials, and fitted to protect, to the usual extent and in the ordinary way, books and papers deposited therein, and not that rare and costly structure (if, indeed, such there be) which is capable of successfully withstanding the action of fire altogether, and of preserving its contents from harm absolutely.

The action of the court in striking out the first replication was error, for it fairly raised a question on the merits which was determinable alone by the evidence which might have been submitted to support it.

*Reversed and remanded.*